Curia, per Earle, J.
This seems to be a proceeding entirely anomalous, and I do not think any precedent can be found for it, in any book of reports. On the trial of a joint action of trespass against two, it appeared to the court, that there was no evidence to charge one. Whether the pleading was joint or separate does not appear; but they were defended by the same counsel, on whose motion a judgment of nonsuit was entered, as to that defendant against whom there was no proof. If such an order produced the result now claimed for it, and operated in law as a discharge of the other defendant, the obvious and proper course was to claim the benefit of it, at the moment, either by making the motion for nonsuit in the case of the other defendant,, on the ground that if the plaintiff be called as to one, he is as to all; or by asking leave to plead it in bar of the action, as a legal discharge. Upon what principle of law, or what ground of justice and right, can he claim to obtain, on this ex parte motion, after verdict,, judgment, and execution, without appeal, the benefit of a defence, which he had ample opportunity to make at the trial ? I know that the practice now, both here and in England, is to grant relief on motion, or rule to shew cause, in many cases, where formerly the party would have been driven to his audita querela, or to his writ of error. But, in neither of these modes would the party be allowed to reverse a judgment, or to set aside a verdict, for any matter of exception, on the score of irregularity, or any matter of discharge, in point of law, which not only existed, but was fully apparent and within his knowledge at the trial. It would be an extraordinary proceeding, if, after having at the defendant’s. instance, granted his motion to nonsuit the plaintiff as to. Gade Ivy, in order to make him a witness, the court should deprive the plaintiff of the benefit of his verdict, even supposing the irregularity to exist; and inasmuch as.the defendant did hot avail himself of it, but proceeded in the trial, if it were necessary to preserve the symmetry of the- record, the court would rather grant a rule to set aside the judgment of non-suit, and send the other defendant also to a jury. Had the defendant attempted to avail himself of it at the trial, thp court would, of course, if the objection were deemed valid, have then *98 set aside the judgment of nonsuit, and put the case to the jury. Such I believe to be the most approved, if not the most usual practice, as was lately said by Mr. Justice Parke, in 6 Car. and Pa. 216: “ It has been settled, by the unanimous opinion of the judges, that if there is no evidence against any one defendant, at the conclusion of the case, on the part of the plaintiff, ■ such defendant is to be acquitted: before, there had been a discrepancy in the practice.” And, ibid. 419, it is called ‘a new rule.’ In our own courts, the practice has likewise been various; and I am very sure, that the question now raised here has never been made before. The authorities relied on do not sustain the defendant’s motion ; and no case can be found of an arrest of judgment after verdict, on the ground of a nonsuit having been ordered.as to one defendant. The case in Sellon’s practice,' is quoted from Lord Raym. 1372, Biggs v. Benger et al. It wás trespass, and the point decided was, that although one of several defendants suffers judgment by default, the judgment against him shall be arrested, if it afterwards appear upon the record that the plaintiff was not entitled to maintain the action against any of them. There was a verdict for the other defendant, on an issue made by the pleadings, of license by the plaintiff which went to the whole right of action. In Hannah v. Smith et al., 3 Term. 662, which was assumpsit, it was held, if one of two defendants suffer judgment by default, and the other go to trial, the plaintiff cannot be non-suited as to- him; but he must have a verdict, if the .plaintiff fail to make out his;-case. But there the motion was made by the plaintiff himself, to have leave to enter a nonsuit, which the court refused, because he had a judgment against one. So was the case of Weller v. Goyton et al., 1 Burr. 357, which was also assumpsit; and the same point was ruled, that after judgment by default against one, the other could not have his costs taxed on the stat. 14 G. II., as in case of nonsuit, for the plaintiff was not liable to be nonsuited, “ having a judgment against one of the defendants already.” And in Powell v. White et al., Doug. 168, which was assumpsit against several, one was arrested and put in bail, and afterwards signed judgment of non pros., for want of a declaration, the other two defendants not having appeared to the *99 writ. On a rule to show cause, the judgment of non pros, was set aside, the court being clearly of opinion, that in a joint action the plaintiff could not be non pros.’d by one without the others. And thp same point was made in Philpot v. Muller, cited in a note to the last case, where, in trespass against two who severed in pleading, one of them signed judgment of non pros., and sued out execution. On a rule, afterwards, at a subsequent term, to show cause, the court held the judgment was irregular ; but being of a former term, could not be reached by motion, and could only be by writ of error. The cases of Harris v. Batterley et al.,* and of Williams v. Rearrs et al., 3 M'Cord. 234, are to the same point. From these authorities it is clear enough, that it was irregular to grant a nonsuit as to one defendant, and to put the case to the jury as to the other: and the English rule of practice is the most correct, although it has been common here to enter a nonsuit, or strike out the name of the defendant against whom there is no proof. But the defendant’s motion here is not advanced by this admission, and I have only referred to the cases to ascertain the correct practice. In all the cases, the motion has been to set aside the judgment of nonsuit as irregular, when granted as to one defendant, there being a judgment against others; or, the result has been to refuse a nonsuit as to some in a like predicament as to others. The judgment by default actually obtained, • has in no instance been set aside ; and we'are brought again to the inquiry, whether the defendant can set aside this verdict and judgment ? and for the reasons already assigned, the court is of opinion that he cannot. If it be necessary to restore the regularity of the proceedings, the proper bourse would be to set aside the judgment of nonsuit, and enter a verdict for the other defendant. The verdict against this defendant, upon his plea of not guilty, is conclusive upon him, that on the trial of his case, the plaintiff was properly in court. He can take nothing by his motion.
Gantt, Richaiidson, O’Neall, Evans and Butler, Justices, concurred. - .

 Cowp. 483.